**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | |
|---|---|
| C&C Metal Recycling, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Alumina, LLC and Kent Rhodes a/k/a<br>Ken Rhodes,<br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Defendants Alumina, LLC (hereinafter "Alumina") and Kent Rhoads (Rhoads) [collectively "Defendants"] file this Notice of Removal in the above-described captioned action to the United States District Court for the District of South Carolina from the South Carolina Court of Common Pleas, Greenwood County, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89 and state:

1. Plaintiff C&C Metal Recycling (hereinafter "C&C" or "Plaintiff") initiated this action on June 2, 2017 by filing a Complaint against Defendants Alumina and Rhoads in the South Carolina Court of Common Pleas, Greenwood County, Civil Action Number 2017-CP-24-00661. The Complaint was served on the Defendants on June 13, 2017. The Greenwood County Court of Common Pleas is a state court within this judicial district and division. The complete state court file, including copies of all process, pleadings, and orders served upon Defendants is attached collectively as **Exhibit 1.**

2. The United States District Court for the District of South Carolina, Greenwood Division, has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of the diversity of citizenship of the parties involving an amount in controversy exceeding $75,000.

1

3. At all times and on June 2, 1017, when the action was commenced in the South Carolina Court of Common Pleas, Greenwood County, Plaintiff was, and now is, a corporation organized, formed and incorporated in and under the laws of the State of South Carolina, having its principal place of business in Greenwood County, South Carolina.

4. At all times and on June 2, 2017, when the action was commenced in the South Carolina Court of Common Pleas, Defendant Alumina was, and now is, a corporation organized, formed and incorporated in and under the laws of Michigan, having its principal place of business in Michigan, and no members of the corporation are citizens or residents of the State of South Carolina.

5. Defendants Alumina and Rhoads are informed and believe that Defendant Rhoads' citizenship should be disregarded because there is no possibility of recovery against him in state court; rather Rhoads was joined as a defendant in this action for the sole purpose of defeating the jurisdiction of the United States District Court for the District of South Carolina and preventing Defendant Alumina from removing this case from the South Carolina Court of Common Pleas, Greenwood County.

6. Plaintiff alleges that it entered into a contract with Defendant Alumina, which was signed by Defendant Rhoads in his capacity as General Manager of Alumina. Compl. ¶ 8. Plaintiff further alleges that Defendant Rhoads had actual and apparent authority to bind Alumina to the contract. Id. ¶¶ 8, 11. Alternatively, Plaintiff alleges that if Defendant Rhoads was not acting with actual or apparent authority, then Rhoads is personally liable for Defendant Alumina's alleged breach of contract. Id. ¶ 14.

7. There is simply no possibility that Plaintiff can establish liability against Defendant Rhoads for breach of a contract entered into with Alumina under the applicable law or the facts.

8.  The Complaint alleges that the parties to the contract were Defendant Alumina and Plaintiff. Id. ¶ 7. Furthermore, the terms of the written agreement identify the parties as Alumina and Plaintiff. The subject matter of the contract is the sale of scrap metal owned by Alumina to C&C. A copy of the agreement is attached hereto as **Exhibit 2**.

9.  Defendant Rhoads is not alleged to be a party to the contract, and was not a guarantor of the contract. Under these circumstances Plaintiff does not have a contract claim against Rhoads. Hunting v. Elders, 597 S.E.2d 803, 806 (S.C. App. 2004) (corporation is an entity, separate and distinct from its officers and stockholders, and that its debts are not the individual indebtedness of its stockholders).

10. Plaintiff has also pled a cause of action for violation of the South Carolina Unfair Trade Practices Act (SCUPTA) alleging that "Alumina and/or Rhodes (sic) engaged in unfair and/or deceptive trade practice by entering a contract, declaring the contract unauthorized, and retaining the benefits of the contract." Compl. ¶ 38.

11. There is no possibility that Plaintiff may maintain a claim under the SCUPTA against Defendant Rhoads. First, there is no control person liability under a SCUPTA private right of action. Plowman v. Bagnal, 450 S.E.2d 36, 38 (S.C. 1994). Second, when a contract has been breached by a corporation as the result of the inducement of an officer or agent of the corporation acting on behalf of the corporation, the inducement is privileged and is not actionable. Bradburn v. Colonial Stores, Inc., 255 S.E.2d 453 (S.C. 1979). Lastly, a contract dispute that only affects the parties to the transaction is not actionable under the SCUPTA. Woodson v. DLI Properties, LLC, 753 S.E.2d 428, 435 (S.C. 2014)

12. The matter in controversy exceeds $75,000.

13. Defendants will give written notice of the filing of this notice as required by 28 U.S.C.A. §

1446(d).

14. A copy of this notice will be filed with the Clerk of the Court for Greenwood County Court

of Common Pleas, as required by 28 U.S.C.A. § 1446(d).

WHEREFORE, Defendants give notice that the above-entitled action is removed from

the Court of Common Pleas, Greenwood County, South Carolina to the United States District

Court for the District of South Carolina, Greenwood Division.

Respectfully Submitted,


By:     *s/ James M. Griffin*
        James M. Griffin, Fed. I.D. # 1053
        Margaret N. Fox, Fed. I.D. # 10576
        GRIFFIN DAVIS, LLC
        1116 Blanding Street
        Columbia, SC 29202
        Tel. (803) 744-0800
        jgriffin@griffindavislaw.com
        mfox@griffindavislaw.com

Attorneys for Defendants Alumina , LLC and Kent Rhoads


July 11, 2017
Columbia, South Carolina

## CERTIFICATE OF SERVICE

The undersigned member of Griffin Davis LLC hereby certifies that on this 11th Day of

July 2017, he caused to be served a Notice of Removal by electronic mail and by United States

Mail, postage pre-paid, to the persons hereafter named, at the places and addresses below:


Counsel for Plaintiff:


William M. Wilson III
Wyche, P.A.
44 East Camperdown Way
Greenville, SC 29601
bwilson@wyche.com


Clerk of Court, Greenwood County

Chastity Copeland
528 Monument Street
Room 114
Greenwood, SC 29646


*s/ James M. Griffin*
James M. Griffin, Fed. I.D. # 1053
GRIFFIN | DAVIS
1116 Blanding Street
P.O. Box 999 (29202)
Columbia, S.C. 29201
jgriffin@griffindavislaw.com