# Exhibit 1

State Court File served on the Defendants

# Exhibit 1

State Court File served on the Defendants

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENWOOD | |
| C&C Metal Recycling, LLC,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Alumina, LLC and Kent Rhodes a/k/a Ken Rhodes,<br><br>　　　　　　　Defendant. | 2017-CP-24 00661<br>CASE NO. _____<br><br>**SUMMONS**<br><br>**(JURY)** |

FILED COMMON PLEAS
8TH JUDICIAL CIRCUIT
GREENWOOD, S.C.

2017 JUN -2 PM 2: 13

TO THE DEFENDANTS ABOVE-NAMED:

　　　　YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　William M. Wilson III (S.C. Bar No. 15808)
　　　　　　　　　　　　　　　　WYCHE, P.A.
　　　　　　　　　　　　　　　　44 East Camperdown Way
　　　　　　　　　　　　　　　　Greenville, South Carolina 29601
　　　　　　　　　　　　　　　　Telephone: 864-242-8200
　　　　　　　　　　　　　　　　Facsimile: 864-235-8900
　　　　　　　　　　　　　　　　bwilson@wyche.com
　　　　　　　　　　　　　　　　aworkman@wyche.com

Date: May 30, 2017　　　　　　　Attorneys for Plaintiff's C&C Metal Recycling, LLC



00861890.DOCX

STATE OF SOUTH CAROLINA                        IN THE COURT OF COMMON PLEAS

COUNTY OF GREENWOOD

C&C Metal Recycling, LLC,                      2017-CP-24 606661

        Plaintiff,

vs.

Alumina, LLC and Kent Rhodes a/k/a Ken         **VERIFIED COMPLAINT**
Rhodes,

        Defendants.

FILED COMMON PLEAS
8TH JUDICIAL CIRCUIT
GREENWOOD, S.C.
2017 JUL -2 PM 2: 14

NOW COMES the Plaintiff C&C Metal Recycling, LLC ("C&C") who alleges and says the following:

## PARTIES AND JURISDICTION

1. C&C is a South Carolina limited liability company with its principal place of business in Greenwood County.

2. Upon information and belief, Alumina, LLC ("Alumina") is a limited liability company organized and existing under the laws of the State of Michigan and doing business in Greenwood County, South Carolina.

3. Upon information and belief, Kent Rhodes a/k/a Ken Rhodes ("Rhodes") is a citizen and resident of Greenwood County, South Carolina.

4. Upon information and belief, Rhodes is the General Manager of Alumina with authority to bind Alumina to a contract.

5. This Court has jurisdiction over the Defendants and subject matter involved in this action.

6. Venue is proper in this Court and this County.



## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)
### (Against Alumina and Rhodes)

7. C&C and Alumina entered into a written contract dated July 9, 2014 ("Contract") in which Alumina granted to C&C "exclusive rights to purchase all of Alumina Greenwood Location's scrap metal for recycling and salvage purpose for a term of 2 years from the date of the agreement."

8. Rhodes signed the contract on behalf of Alumina with actual and/or apparent authority.

9. Both parties acted in accordance with the terms of the Contract for a period of several months.

10. Alumina breached the contract when it terminated the Contract without cause and declared that the Contract was invalid on the alleged basis that Rhodes did not have authority to enter the Contract on behalf of Alumina.

11. If Rhodes did not have actual authority to sign the Contract on behalf of Alumina, then he had apparent authority.

12. Alumina performed the contract and enjoyed its benefits for a period of many months before declaring a lack of authority.

13. If Rhodes did not have actual or apparent authority to sign the Contract on behalf of Alumina, then Alumina's actions (and/or the actions of its parent company, Angstrom Automotive Group) following the entry of the Contract operated as a ratification of the Contract and/or estops Alumina from denying the validity of the Contract.

14. If Rhodes did not have actual or apparent authority to sign the Contract on behalf of Alumina and if the Contract was not ratified by Alumina, then Rhodes is personally liable under the Contract for the obligations of Alumina.

15. C&C complied with all of its obligations under the Contract.

16. Alumina and/or Rhode's breach of the Contract proximately resulted in damages to C&C in the amount of approximately $66,570.00, including but not limited to amounts for lost benefits under the contract, amounts owed for the failure to return to C&C 463 boxes and 253 pallets, and/or amounts owed for storage of a partial load of aluminum that could not be sold, plus pre- and post-judgment interest.

17. C&C reserves the right to seek to amend its damages calculation.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract Accompanied by a Fraudulent Act)
### (Against Alumina)

18. C&C realleges the foregoing allegations.

19. Upon information and belief, Defendant breached the Contract with fraudulent intent and committed fraudulent acts accompanying the breach, as evidenced by the circumstances surrounding the breach, including, without limitation, refusing to return the pallets and boxes and falsely declaring that the contract was not authorized.

20. C&C suffered consequent and proximate injury from the breach accompanied by a fraudulent act, including actual damages in the amount of $66,570.00, plus pre- and post-judgment interest.

21. Defendant's conduct also entitles C&C to recover punitive damages from Defendants in an amount to be determined by the trier of fact.

22. C&C reserves the right to seek to amend its damages calculation.

## FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)
### (Against Alumina)

23. C&C realleges the foregoing allegations.

24. To the extent it is determined that a Contract did not exist between the parties, C&C alternatively alleges a claim for quantum meruit / unjust enrichment.

25. C&C conferred a benefit upon Alumina by providing pallets, boxes, truck rentals, and storage to Alumina.

26. Alumina realized a benefit from C&C's pallets, boxes, truck rentals, and storage that it otherwise would not have had.

27. Alumina retained this benefit under circumstances that would make it inequitable for it to retain it without paying its value.

28. Alumina owes to C&C the reasonable value for the benefit.

### FOR A FOURTH CAUSE OF ACTION
(Conversion)
(Against Alumina)

29. C&C realleges the foregoing allegations.

30. C&C had legal title and ownership in the 463 boxes and 253 pallets.

31. C&C demanded the return of the boxes and pallets, and Alumina refused said demand.

32. Alumina converted the boxes and pallets to its own use.

33. Alumina's conversion to its own use was without C&C's permission.

34. Alumina's conversion has proximately resulted in damages to C&C in the amount of the value of the boxes and pallets, plus pre and post judgment interest.

35. Defendant's conduct also entitles C&C to recover punitive damages from Defendants in an amount to be determined by the trier of fact.

### FOR A FIFTH CAUSE OF ACTION
(Unfair Trade Practice Act)
(Against Alumina and Rhodes)

36. C&C realleges the foregoing allegations

37. Upon information and belief, Defendants' actions constituted an unfair and/or deceptive trade practice in the conduct of trade or commerce, in violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 et seq.

38. Upon information and belief, Alumina and/or Rhodes engaged in an unfair and/or deceptive trade practice by entering a contract, declaring the contract unauthorized, and retaining the benefits of the contract, including but not limited to boxes and pallets, even after declaring that the contract was unauthorized.

39. Upon information and belief, Alumina's policies and procedures either have resulted in such unfair and deceptive trade practices occurring repeatedly in the past or create a likelihood of repetition in the future.

40. Upon information and belief, the unfair trade practices have an adverse impact on the public interest.

41. Upon information and belief, the SCUTPA violation was willful, as Defendants knew or should have known their conduct was a violation of the SCUTPA.

42. Upon information and belief, as a direct and proximate result of the SCUTPA violation, C&C has incurred Damages of $66,570.00.

43. Upon information and belief, Plaintiff is entitled to treble damages of $199,710.00, plus attorney's fees.

44. C&C reserves the right to seek to amend its damages calculation.

## JURY DEMAND

45. C&C respectfully demands a jury trial.

WHEREFORE, C&C prays for the Court to enter judgment in favor of C&C and against each of the Defendants in the amount of $199,710.00, together with pre- and post-judgment interest thereon at the legal rate, punitive damages, attorneys' fees, and for such other and further relief as

may be just and proper. For purposes of a default Judgment, C&C hereby demands $199,710.00.

Respectfully Submitted,

*(signature)*

William M. Wilson III (S.C. Bar No. 15808)
WYCHE, P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, South Carolina 29602
Telephone: 864-242-8200
Telecopier: 864-235-8900
bwilson@wyche.com

Date: May 26, 2017            Attorneys for C&C Metal Recycling, LLC

STATE OF SOUTH CAROLINA         IN THE COURT OF COMMON PLEAS

COUNTY OF GREENWOOD

C&C Metal Recycling, LLC,

          Plaintiff,

vs.

Alumina, LLC and Kent Rhodes a/k/a Ken Rhodes,

          Defendants.

2017-CP-24-00661

**VERIFICATION**

Personally appeared before me Cliff Redd who, first being duly sworn, states that he is a Manager of C&C Metal Recycling, LLC and is authorized to make this verification on its behalf. He further states that he has read the attached Verified Complaint and that all the allegations contained therein are true and accurate, except for any allegations made on information and belief, and he believes them to be true.

_____
Cliff Redd

Sworn to before me this May 26th, 2017

_____ (SEAL)
Notary Public for South Carolina
Printed Name of Notary: Joy W. Driggers
My Commission Expires: 1-28-2019

